UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| STANLEY BECK, | Case No. 2:23-cv-00362-MMD-EJY |
| Plaintiff, | ORDER |
| v. | |
| STEVE SISOLAK, *et al.*, | |
| Defendants. | |

## I.    SUMMARY

*Pro se* Plaintiff Stanley Beck, who is an inmate in the custody of the Nevada Department of Corrections ("NDOC"), brings this action under 42 U.S.C. § 1983 against Defendants[1] on an Eighth Amendment deliberate indifference to serious medical needs claim. (ECF No. 1-3 ("Complaint"); ECF No. 3.) Before the Court is Plaintiffs' motion for preliminary injunction and temporary restraining order (ECF No. 1-1 ("Motion")).[2] As explained below, because Plaintiff has not sufficiently demonstrated a likelihood of success on the merits, the Court denies the Motion.

## II.    BACKGROUND

The Court incorporates by reference the recitation of Plaintiff's allegations in the Court's screening order. (ECF No. 3 at 3-6.)

## III.    DISCUSSION

Plaintiff's Motion is based on the allegations in his Complaint involving inadequate pain medication and treatment for severe nerve pain in his right thigh for at least the past three years, while incarcerated at High Desert State Prison ("HDSP"). (ECF No. 1-1 at 3-

---

[1]The remaining Defendants are Wilson Bernales, Dr. Bryan, Jaymie Cabrera, Sonja Carillo, Benjamin Guttierez, Dr. Manalang, Michael Minev, Chris Nehls, G. Taino, and Julie Williams.

[2]Defendants responded (ECF No. 11), and Plaintiff replied (ECF No. 12).

1  4.) Plaintiff alleges that Defendant Dr. Bryan prescribed him a topical analgesic balm

2  called Capzasin-HP with refills for one year, that the prescribed 90-day supply of each

3  1.5-ounce tube of Capzasin cream was insufficient when used four times a day as

4  directed, and that the other Defendants refused to refill his Capzasin before the 90 days

5  or to remedy the situation in response to Plaintiffs' grievances. (*Id.* at 5-6, 10.)

6  Plaintiff requests that the Court order: (1) Gutierrez, Carillo, Taino, and Cabrera to

7  process, file, and deliver Plaintiff's prescriptions and refills within seven days of receipt of

8  refill request; (2) this preliminary injunction to be in effect during the pendency of these

9  proceedings; (3) Carillo and/or Guttierez and/or the current HDSP Director of Nursing

10  Services to prepare a report every 30 days containing Plaintiff's prescription order history,

11  medical requests, and grievances; (4) NDOC and HDSP medical directors to

12  communicate to all medical department heads to direct their subordinates to respond to

13  Plaintiff's medical grievances in accordance with Administrative Regulation 740 time

14  frames for responses; (5) Defendants to ensure and process Plaintiff's prescriptions and

15  refills within seven days of the prescription order from the provider and/or within seven

16  days of Plaintiff's submission of a prescription refill request; (6) Dr. Bryan and/or a current

17  medical provider at HSDP to write prescription refills with enough medication to last for

18  the time period between refills without running out; and (7) NDOC, the governor of

19  Nevada, the Nevada Attorney General, and the HDSP warden not to attempt to retaliate

20  against Plaintiff or to transfer Plaintiff out of the facility to moot this motion. (*Id.* at 17-20.)

21  Injunctive relief, whether temporary or permanent, is an "extraordinary remedy,

22  never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

23  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on

24  the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief,

25  that the balance of equities tips in his favor, and that an injunction is in the public interest."[3]

26  *Am. Trucking Associations, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir.

27  

28  [3]The standard for issuing a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

2009) (quoting *Winter*, 555 U.S. at 20). Moreover, under the Prison Litigation Reform Act, preliminary injunctive relief must be "narrowly drawn," must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

"The first factor 'is a threshold inquiry and is the most important factor.'" *Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023) (quoting *Env't Prot. Info. Ctr. v. Carlson*, 968 F.3d 985, 989 (9th Cir. 2020)). "Thus, a 'court need not consider the other factors' if a movant fails to show a likelihood of success on the merits." *Id.* (quoting *Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017)).

A prison official violates the Eighth Amendment when they act with "deliberate indifference" to the serious medical needs of an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "Indifference 'may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citation omitted). Here, Defendants do not dispute that Plaintiff experiences severe pain from nerve damage in his right thigh and therefore that Plaintiff has a serious medical need. The question then is whether Plaintiff has shown a likelihood of success with respect to his claim that Defendants acted with deliberate indifference.

Deliberate indifference can be manifested by prison officials "intentionally interfering with the [prisoner's] treatment once prescribed." *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). This does not appear to be the case here as far as Plaintiff has demonstrated at this stage. Plaintiff submitted the Capzasin prescription in question, and it clearly indicates that one 1.5-ounce container of Capzasin is meant to be a 90-day supply of the medication. (ECF No. 1-1 at 38.) This appears consistent with the guidelines of the NDOC medical pharmacy, as communicated to Plaintiff in an official grievance response: "Each [Capzasin] refill is considered a 90-day supply by the Nevada Department of Corrections medical pharmacy." (*Id.* at 27.)

1    Plaintiff contends that it is unrealistic to expect the prescribed quantity of the

2    medication to last 90 days when used four times a day as directed on the large area of

3    his right thigh. (*Id.* at 6-7.) While this is a fair contention, Defendants' actions appear

4    consistent with the prescription at issue. Because each tube of Capzasin cream is

5    considered a 90-day supply, Defendants did not act contrary to Plaintiff's prescribed

6    treatment when informing him after one month that it was "too soon" to refill the Capzasin.

7    (*Id.* at 6.) Plaintiff himself noted that after the initial supply of Capzasin, he only had three

8    refills remaining for the rest of the year. (*Id.*) If each supply is supposed to last three

9    months, then it makes sense that the prescription would allow for four total tubes of

10   Capzasin for the year. Accordingly, Plaintiff's Motion does not demonstrate likelihood of

11   success on the merits that prison officials are failing to carry out medical orders as

12   prescribed.[4]

13   To the extent Plaintiff is arguing that the prescription is insufficient in quantity

14   and/or refill frequency of the medication and therefore constitutes inadequate medical

15   treatment, there is insufficient evidence at this stage to demonstrate that Dr. Bryan's

16   prescribed treatment rose to the level of deliberate indifference because Dr. Bryan's

17   prescription was in line with the recommended pharmacy guideline for that medication.

18   Moreover, although presumably a medical director Defendant could change the pharmacy

19   guideline governing the 90-day supply, Plaintiff's grievances do not specifically raise that

20   the quantity or frequency of each refill is not enough for his pain relief needs—which he

21   contends is the core issue here (ECF No. 12 at 4). Plaintiff's contentions regarding

22   quantity and refill frequency of Capzasin may also be characterized as "a difference of

23   medical opinion," which is insufficient to establish deliberate indifference. *See Toguchi v.*

24   *Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).

25

26   [4]While not clearly raised in Plaintiff's Motion, it appears that Plaintiff may not have
received these later refills even after the relevant 90-day period, according to the
Complaint's allegations and Plaintiff's grievances. (ECF No. 1-3 at 23; ECF No. 1-1 at 24,
27   33.) This may evince deliberate indifference, but because these facts appear in dispute
and there is largely only speculation of *intentional* interference, Plaintiff has not
28   demonstrated that he is likely to succeed on the merits.

1       The Court therefore finds that Plaintiff has not established that he is likely to

2   succeed on the merits of his Eighth Amendment claim.[5] As Plaintiff has not satisfied the

3   first factor, the Court need not consider the remaining factors. *See Baird*, 81 F.4th at 1040.

4   But the Court briefly notes that even though the three other factors could lean in Plaintiff's

5   favor—given Plaintiff's severe pain and the public interest in favor of inmates receiving

6   appropriate medical treatment—that would not change the outcome here as the first factor

7   is a "threshold inquiry" and the "most important factor." *See id.* Accordingly, the Court

8   denies Plaintiff's motion for preliminary injunction and temporary restraining order.

9   **IV.   CONCLUSION**

10      The Court notes that the parties made several arguments and cited to several

11  cases not discussed above. The Court has reviewed these arguments and cases and

12  determines that they do not warrant discussion as they do not affect the outcome of the

13  motion before the Court.

14      It is therefore ordered that Plaintiff's motion for preliminary injunction and

15  temporary restraining order (ECF No. 1-1) is denied without prejudice.

16      DATED THIS 25th Day of January 2024.

17

18                                         _____

19                              MIRANDA M. DU
                                CHIEF UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27      [5]To reach this conclusion, the Court need not address Defendants' arguments that Plaintiff failed to exhaust his administrative remedies. (ECF No. 11 at 6.) But in any event,

28  the Court finds that Defendants' conclusory arguments on this affirmative defense and general citations to an over 100-page document (ECF No. 14) are not persuasive.