UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STANLEY BECK,<br><br>                    Plaintiff,<br>       v.<br><br>STEVE SISOLAK, *et al.*,<br><br>                    Defendants. | Case No. 2:23-cv-00362-MMD-EJY<br><br>ORDER |

**I.     SUMMARY**

*Pro se* Plaintiff Stanley Beck, who is an inmate in the custody of the Nevada Department of Corrections, brings this action under 42 U.S.C. § 1983 against Defendants[1] on an Eighth Amendment deliberate indifference to serious medical needs claim. (ECF No. 1-3 ("Complaint"); ECF No. 3 ("Screening Order").) Before the Court is Defendants' motion to dismiss the Complaint (ECF No. 13 ("Motion")).[2] As explained below, the Court denies the Motion.

**II.    BACKGROUND**

The Court incorporates by reference the recitation of Plaintiff's allegations in the Court's Screening Order. (ECF No. 3 at 3-6.)

**III.   DISCUSSION**

Defendants first argue that Plaintiff failed to exhaust his administrative remedies. (ECF No. 13 at 5-6.) To support their argument, Defendants attach and cite to a 101-page document of Plaintiff's grievance history. (*Id.*; ECF No. 13-1.) Defendants in cursory fashion state that the Court may consider and take judicial notice of the grievance history

---

[1]The remaining Defendants are Wilson Bernales, Dr. Bryan, Jaymie Cabrera, Sonja Carillo, Benjamin Guttierrez, Dr. Manalang, Michael Minev, Chris Nehls, G. Taino, and Julie Williams.

[2]Plaintiff responded (ECF No. 20), and Defendants replied (ECF No. 21).

1  "without converting this motion to dismiss into a motion for summary judgment because
2  the grievance history is a public record." (ECF No. 13 at 6 n.22.) Defendants do not
3  explain how Plaintiff's grievance history is a public record, and the Court is not persuaded
4  that it constitutes a public record and declines to exercise its discretion to judicially notice
5  the grievance history. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th
6  Cir. 2018) ("The decision to take judicial notice . . . is reviewed for an abuse of
7  discretion."). Because the Court does not consider the grievance history document at this
8  motion to dismiss stage and Defendants' argument rests entirely on this extrinsic
9  evidence, the Court rejects the argument as premature. In any event, the Court finds that
10 Defendants' conclusory argument on this affirmative defense and blanket citation to an
11 over 100-page document are not persuasive.

12        Next, Defendants argue that Plaintiff does not allege a violation of the Eighth
13 Amendment because he simply complains that he did not receive the analgesic of his
14 choice. (ECF No. 13 at 6.) Defendants are making a Rule 12(b)(6) failure-to-state-a-claim
15 argument, but the Court already found in its Screening Order that Plaintiff has sufficiently
16 alleged an Eighth Amendment claim for deliberate indifference to a serious medical need
17 in his Complaint against the remaining Defendants. (ECF No. 3 at 9.) The Court
18 incorporates by reference its Rule 12(b)(6) analysis from the Screening Order (*id.* at 3-8)
19 and rejects Defendants' argument here.

20        Defendants lastly argue that Plaintiff's claim against Defendants is barred by
21 qualified immunity. (ECF No. 13 at 7.) Defendants merely argue that Plaintiff cannot show
22 that Defendants violated any right and rely on their previous arguments. (*Id.* at 8.) At the
23 motion to dismiss stage, Plaintiff need only plausibly allege in his Complaint that
24 Defendants violated his rights. As discussed above, accepting the allegations in the
25 Complaint as true and drawing all reasonable inferences in Plaintiff's favor, Plaintiff has
26 sufficiently alleged that Defendants' conduct violated his Eighth Amendment rights.
27 Moreover, it was clearly established at the time of the alleged violations that "denying,
28 delaying, or intentionally interfering with medical treatment can violate the constitution."

*Stewart v. Aranas*, 32 F.4th 1192, 1195 (9th Cir. 2022) (citing *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014)) (internal quotation marks and brackets omitted). Accordingly, Defendants are not entitled to qualified immunity at this stage. *See Polanco v. Diaz*, 76 F.4th 918, 925 (9th Cir. 2023) (denying qualified immunity at the motion to dismiss stage "if, accepting all of Plaintiff['s] allegations as true, Defendants' conduct '(1) violated a constitutional right that (2) was clearly established at the time of the violation'").

In sum, the Court rejects all of Defendants' arguments and will deny the Motion.

**IV.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

It is therefore ordered that Defendants' motion to dismiss (ECF No. 13) is denied.

DATED THIS 20th Day of May 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE