UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STANLEY BECK,<br><br>      Plaintiff,<br><br>     v.<br><br>STEVE SISOLAK, et al.,<br><br>      Defendants. | Case No. 2:23-cv-00362-MMD-EJY<br><br>**ORDER** |

The Court is in receipt of the returned unexecuted summons showing the U.S. Marshal Service made five attempts to serve Sonya Carrillo and Dr. Manalang. *See* ECF Nos. 60, 60-1. No further attempts at personal service are warranted. Plaintiff is advised to review Rule 4 of the Federal Rules of Civil Procedure and Rule 4.4 of the Nevada Rules of Civil Procedure (which the Court attaches). Failure to timely serve Sonya Carrillo and Dr. Manalang will result in their dismissal from this case. Fed. R. Civ. P. 4(m).

Dated this 31st day of October, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

1

**Rule 4.4.   Alternative Service Methods**
   (a) **Statutory Service.**   If a statute provides for service, the summons and complaint may be served under the circumstances and in the manner prescribed by the statute.
   (b) **Court-Ordered Service.**
      (1)  If a party demonstrates that the service methods provided in Rules 4.2, 4.3, and 4.4(a) are impracticable, the court may, upon motion and without notice to the person being served, direct that service be accomplished through any alternative service method.
      (2)  A motion seeking an order for alternative service must:
         (A)  provide affidavits, declarations, or other evidence setting forth specific facts demonstrating:
            (i)  the due diligence that was undertaken to locate and serve the defendant; and
            (ii)  the defendant's known, or last-known, contact information, including the defendant's address, phone numbers, email addresses, social media accounts, or any other information used to communicate with the defendant; and
         (B) state the proposed alternative service method and why it comports with due process.
      (3)  If the court orders alternative service, the plaintiff must also:
         (A)  make reasonable efforts to provide additional notice under Rule 4.4(d); and
         (B)  mail a copy of the summons and complaint, as well as any order of the court authorizing the alternative service method, to the defendant's last-known address.
      (4)  The plaintiff must provide proof of service under Rule 4(d) or as otherwise directed by the court.
      (5)  A plaintiff may serve a defendant by publication only if the requirements of Rule 4.4(c) are met and the procedures for publication are followed.
   (c) **Service by Publication.**   If a party demonstrates that the service methods provided in Rules 4.2, 4.3, and 4.4(a) and (b) are impracticable, the court may, upon motion and without notice to the person being served, direct that service be made by publication.
      (1) **Conditions for Publication.**   Service by publication may only be ordered when the defendant:
         (A)  cannot, after due diligence, be found;
         (B)  by concealment seeks to avoid service of the summons and complaint; or
         (C)  is an absent or unknown person in an action involving real or personal property under Rule 4.4(c)(3).
      (2) **Motion Seeking Publication.**   A motion seeking an order for service by publication must:
         (A)  through pleadings or other evidence establish that:
            (i)  a cause of action exists against the defendant who is to be served; and
            (ii)  the defendant is a necessary or proper party to the action;
         (B)  provide affidavits, declarations, or other evidence setting forth specific facts demonstrating the efforts that the plaintiff made to locate and serve the defendant;
         (C)  provide the proposed language of the summons to be used in the publication, briefly summarizing the claims asserted and the relief sought and including any special statutory requirements;
         (D)  suggest one or more newspapers or other periodicals in which the summons should be published that are reasonably calculated to give the defendant actual notice of the proceedings; and

    (E)  if publication is sought based on the fact that the defendant cannot be found, provide affidavits, declarations, or other evidence establishing the following information:
      (i)  the defendant's last-known address;
      (ii)  the dates during which the defendant resided at that location; and
      (iii)  confirmation that the plaintiff is unaware of any other address at which the defendant has resided since that time, or at which the defendant can be found.
  (3)  **Service by Publication Concerning Property Located Within Nevada.**
    (A)  The court may order service by publication in the actions listed in Rule 4.4(c)(3)(B) if a defendant:
      (i)  resides in the United States and has been absent from this state for at least two years;
      (ii)  resides in a foreign country and has been absent from the United States for at least six months;
      (iii)  is an unknown heir or devisee of a deceased person; or
      (iv)  is an unknown owner of real or personal property.
    (B)  Rule 4.4(c)(3) applies only to the following actions involving real or personal property located within Nevada:
      (i)  actions for the enforcement of mechanics' liens or other liens against real or personal property;
      (ii)  actions for foreclosure of mortgages and deeds of trust;
      (iii)  actions for the establishment of title to real estate;
      (iv)  actions to exclude the defendant from any interest in real or personal property; and
      (v)  any other action for the enforcement, establishment, or determination of any right, claim, or demand, actual or contingent, to or against any real or personal property.
    (C)  Service by publication on an unknown heir, devisee, or property owner may only be used when the unknown heir, devisee, or property owner must be a party to the action under Rule 19(b).
    (D)  A plaintiff proceeding under Rule 4.4(c)(3) must provide the information required by Rule 4.4(c)(2), as applicable, in addition to providing affidavits, declarations, or other evidence establishing the facts necessary to satisfy the requirements of Rule 4.4(c)(3).
  (4)  **The Order for Service by Publication.**
    (A)  In the order for service by publication, the court must direct publication to be made in one or more newspapers or other periodicals published in Nevada; in the state, territory, or foreign country where the defendant is believed to be located; or in any combination of locations. The court's designated locations must be reasonably calculated to give the defendant actual notice of the proceedings. The service must be published at least once a week for a period of four weeks.
    (B)  If publication is ordered and the plaintiff is aware of the defendant's last-known address, the plaintiff must also mail a copy of the summons and complaint to the defendant's last-known address. The court may also order that additional notice be sent under Rule 4.4(d).
    (C)  Service by publication is complete four weeks from the later of:
      (i)  the date of the first publication; or
      (ii)  the mailing of the summons and complaint, if mailing is ordered.

    (d)  **Additional Methods of Notice.**

       (1)  In addition to any other service method, the court may order a plaintiff to make reasonable efforts to provide additional notice of the commencement of the action to a defendant using other methods of notice, including certified mail, telephone, voice message, email, social media, or any other method of communication.

       (2)  Unless otherwise ordered, the plaintiff or the plaintiff's attorney may contact the defendant to provide notice of the action, except when the plaintiff or attorney would violate any statute, rule, temporary or extended protective order, or injunction by communicating with the defendant.

       (3)  The plaintiff must provide proof of notice in the same manner as proof of service under Rule 4(d), or as otherwise directed by the court.

   [Added; effective March 1, 2019.]